Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR20-195-RAJ |
| Plaintiff, | |
| v. | **ORDER OF FORFEITURE** |
| DAVID M. GLUTH, | |
| Defendant. | |

THIS MATTER comes before the Court on the parties' Agreed Motion for Entry of an Order of Forfeiture ("Agreed Motion") seeking to forfeit, to the United States, the Defendant David M. Gluth's interest in the following property:

> A sum of money in the amount of $125,000, representing the proceeds the Defendant obtained from his commission of Wire Fraud, in violation of 18 U.S.C. § 1343. The Defendant understands and acknowledges that this forfeiture is separate and distinct from the restitution that is ordered in this case. The United States has agreed, however, that it will request the Attorney General apply any amounts it collects toward satisfaction of this forfeited sum to the restitution that is ordered. The United States also agreed that any amount the Defendant pays toward restitution will be credited against this forfeited sum.

ORDER OF FORFEITURE - 1
*United States v. Gluth,* CR20-195-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Court, having reviewed the parties' Agreed Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of an Order of Forfeiture is appropriate because:

- The proceeds of Wire Fraud, in violation of 18 U.S.C. § 1343, are forfeitable pursuant to pursuant to 18 U.S.C. § 982(a)(1)(C), by way of 28 U.S.C. § 2461(c);
- In his plea agreement, the Defendant agreed to forfeit a sum of money reflecting the proceeds he obtained from the offense pursuant to 18 U.S.C. § 982(a)(1)(C), by way of 28 U.S.C. § 2461(c) (Dkt. No. 13, ¶ 13);
- The parties have agreed the Defendant personally obtained at least $125,000 in proceeds from the offense; and,
- This sum of money is personal to the Defendant; pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(c)(1), no third-party ancillary process is required before forfeiting it.

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 18 U.S.C. § 982(a)(1)(C), by way of 28 U.S.C. § 2461(c), his plea agreement, and the parties' Agreed Motion, the Defendant's interest in the above-identified sum of money is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) – (B), this Order will become final as to the Defendant at the time he is sentenced; it will be made part of the sentence; and, it will be included in the judgment;

3) No right, title, or interest in the identified sum of money exists in any party other than the United States;

4) Pursuant to Fed. R. Crim. P. 32.2(e), in order to satisfy this sum of money, in whole or in part, the United States may move to amend this Order, at any time, to include substitute property having a value not to exceed this sum of money; and,

ORDER OF FORFEITURE - 2
*United States v. Gluth,* CR20-195-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5) The Court will retain jurisdiction in this case for the purpose of enforcing this Order, as necessary.

IT IS SO ORDERED.

DATED this 28th day of September, 2021.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER OF FORFEITURE - 3
*United States v. Gluth,* CR20-195-RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970